UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE STEVENSON, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>TIM DISHER and WEXFORD )<br>HEALTH SOURCES, )<br>   Defendants ) | Case No. 21-3243 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Nurse Tim Disher and Wexford Health Sources violated his constitutional rights at Graham Correctional Center. Plaintiff says on or around February 19, 2019, he began to experience severe stomach pain which prevented him from urinating or defecating. Plaintiff says his stomach began "to swell and harden." (Comp., p. 5).

The next day, Plaintiff asked to see medical staff.  Plaintiff could no longer walk and he was taken to the Healthcare Unit in a wheelchair where he met with Defendant Nurse Disher.  Plaintiff explained his symptoms and his increasing pain, but Plaintiff says the nurse was rude and did not conduct a thorough examination.   Instead, the nurse told Plaintiff there was nothing wrong with him, provided him with Ibuprofen, and sent him back to his housing unit. The nurse also failed to consult with a doctor or any other medical professional concerning Plaintiff's symptoms.

On February 19, 2019, officers found Plaintiff unresponsive in his cell.  Plaintiff was rushed to St. John's Hospital where the medical records indicate Plaintiff was in "severe shock" and "was also in multiorgan failure." (Comp, p. 17). Plaintiff was rushed into surgery with a perforated bowel.  Plaintiff says additional surgery or surgeries were also required.

Plaintiff has alleged Defendant Nurse Disher violated his Eighth Amendment rights when he was deliberately indifferent to Plaintiff's serious medical condition in February of 2019.   Plaintiff has failed to articulate a claim against Wexford Health Source.

Plaintiff has also filed a motion for appointment of counsel. [3].  The Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt,* 503 F.3d 655.

Specifically, the Court must consider two questions. First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has provided evidence of his attempt to find counsel with his complaint.

Therefore, the Court must focus on the second inquiry, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655. The Court must consider all aspects of the litigation including gathering evidence and responding to motions. *Eagan v. Dempsey*, 2021 WL 456002, at *8.

Plaintiff's complaint very clearly states his claims against Defendant Disher and Plaintiff has also attached relevant documentation. While Plaintiff's claim does involve his medical care, Plaintiff should be able to testify to the pain he experienced, his attempts to obtain help, and the response he received to demonstrate deliberate

3

indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Plaintiff will also be able to obtain additional medical records during discovery.

Once the Defendant is served, the Court will set this matter for a hearing to discuss Plaintiff's claims, potential defenses, and needed discovery.  In addition, the Court will enter a Scheduling Order which will provide additional information to assist a pro se Plaintiff with the discovery process.  Based on the current record, the motion is denied. [3].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Nurse Disher violated Plaintiff's Eighth Amendment rights when the Defendant was deliberately indifferent to Plaintiff's serious medical condition in February of 2019. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's Motion for Appointment of Counsel, [3]; 3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 11th day of April, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE